UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

FILED 2017 FEB -2 PM 12: 24
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| REINALDO RODRIGUEZ ) | Case No.: |
| Plaintiff, ) | No. |
| ) | |
| v. ) | Demand for Jury Trial |
| ) | |
| O&L LAW GROUP, P.L., ) | 6:17-cv-180-ORL-31KRS |
| Defendant. ) | |
| ) | |

## COMPLAINT

Under 15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA,") Plaintiff, Reinaldo Rodriguez, ("Rodriguez") files the following complaint for damages and sues O&L Law Group, P.L., ("O&L"), alleging as follows.

## PARTIES

1. Plaintiff, Rodriguez is a natural person who resides in Osceola County, Florida.

2. Defendant, O&L is a business organization with a principle place of business located at 4818 W. Gandy Blvd, Tampa Florida 33611. O&L is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(6), in that O&L uses instrumentalities of interstate commerce and/or the mails to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

3. Specifically, O&L uses the internet to file court documents in debt collection matters, uses the mail to serve court documents, statutory notices, and other communications as part of debt collection activities to alleged debtors, and uses telephone to regularly engage in communication with debtors and/or their legal representatives during the collection of debts as defined by the FDCPA.

4. Additionally, O&L, a creditors rights law firm, regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another, as evidenced by the large number of collection cases filed by O&L in the State Court system at the time of the alleged conduct in this Complaint, and by O&L's own personal description on its website, including the sole reference on the site to debt collection for creditors as O&L's principle business and the specific information about the debt that O&L advertises to obtain. *See* Exhibit "A," Screenshot of O&L's Website.

5. Specifically, O&L's website claims that O&L "specializes in the representation of creditors in the State of Florida," that O&L "[O]ffer[s] Proactive, Responsive, Innovative, and Respectful solutions to debt collection in pre judgment, post judgment, AND dormant judgment. We know that today, more than ever, targeted and consistent collection efforts are the key to success. And while prejudgment resolutions are still a key component to your business, post judgment and dormant judgment collection is paramount to maximizing your recovery. We understand this, and as a law firm, treat each file as a case, not only a placement." *Id.*

## JURISDICTION AND VENUE

6. Under 28 U.S. Code §1331 and §1337, this court has subject matter jurisdiction over the claims alleged because the civil action arises under federal law and specifically Commerce and antitrust regulations, including but not limited to 15 U.S.C. § 1692k(d).

7. Venue is proper because the actions that give rise to this complaint occurred within the Middle District of Florida.

8. Forum is proper because the actions that give rise to this complaint and O&L's principle place of business are each located within counties assigned to the Orlando Division of The United States District Court For The Middle District Of Florida.

## FACTUAL BACKGROUND

9. At all times relevant to this Complaint, Uniifund CCR, LLC, ("Unifund") retained O&L as its attorney to act on its behalf.

10. In 2009, Plaintiff opened a credit card account with Citibank, NA ("credit card"). *See* Exhibit "B," Unifund's Complaint.

11. Plaintiff used the credit card for personal and household purchases only, and has never owned or operated a business at times relevant to this Complaint.

12. In 2010, Plaintiff defaulted on payment of the credit card.

13. In September 2012, Unifund was assigned the credit card debt. *See* Exhibit "B," pg. 10 – 12.

14. Some time in 2013, Unifund sued Plaintiff in order to collect on the credit card account. *See* Exhibit B.

15. On July 7, 2015, Unifund obtained a Final Judgment regarding the suit mentioned above. *See* Exhibit "C," Final Judgment.

16. On December 14, 2015, O&L filed a continuing Writ of Garnishment against Plaintiff's Salary or Wages at Plaintiff's employer, AT&T Mobility Services, LLC. *See* Exhibit "D," Continuing Writ of Garnishment.

17. On February 09, 2016, O&L filed a Motion for Final Order of Garnishment ("Final Motion") against Plaintiff. *See* Exhibit "E," Final Motion for Garnishment.

18. In the Final Motion, O&L stated that it "provided Defendant with a copy of [O&L's] Motion for Writ of Garnishment, a copy of the Writ, and a Claim of Exemption and Request for Hearing, as required by Florida Statute §77.041." *See* Exhibit E.

19. In the Final Motion, O&L stated "on January 14, 2016, [O&L] filed a Notice of §77.055 Service which advised [Plaintiff] of the opportunity to move dissolve the garnishment within 20 day if any allegation in the [O&L's] motion for writ of garnishment is untrue." *See* Exhibit E.

20. On December 30, 2015, the last date O&L could have complied with Florida Statute §77.041, O&L had not provided Plaintiff with a copy of Plaintiff's Motion for Writ of Garnishment, a copy of the Writ, and a Claim of Exemption and Request for Hearing, as required by Florida Statute §77.041.

21. On January 14, 2016, O&L had not filed a Notice of §77.055 Service with the Osceola Circuit Court.

22. Therefore, each of the statements in ¶18 - ¶19 was false, and was a material misrepresentation.

### COUNT I: VIOLATION OF 15 U.S.C. §1692(e) AGAINST O&L

23. Plaintiff re-avers ¶1 - ¶22 above.

24. The Final Judgment, entered on July 7, 2015, and underlying credit card debt are each consumer debts within the meaning of the FDCPA because each are an obligation to pay debt that arose from a personal and/or household transactions, the use and subsequent default by Plaintiff on the credit card.

25. Plaintiff was the object O&L's collection activities because the continuing Writ of Garnishment and Final Motion filed by O&L were collection activities and/or actions taken in connection the collection of a debt, as defined by the FDCPA.

26. As alleged above, in the Parties subsection, O&L is a debt collector as defined by the FDCPA.

27. O&L violated 15 U.S.C. §1692(e) because (1) O&L is a debt collector, (2) O&L attempted to collect a debt against Plaintiff by filing the continuing Writ of Garnishment and Final Motion, and because (3) O&L falsely represented in the Final Motion that it filed a Notice of §77.055 Service with the Osceola Circuit Court on January 14, 2016, and O&L falsely represented that it provided Plaintiff with certain filings and notices while attempting to collect a debt, as alleged in ¶17 -¶ 22.

28. As a result of the forgoing violations of the FDCPA, O&L is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against O&L for the following:

A. Actual Damages;

B. Statutory damages pursuant to 15 U.S.C. 1692(k);

C. Costs and Reasonable Attorney fees pursuant to 15 U.S.C. 1692(k)

D. For such other and further relief as the Court may deem just and proper.

## **Demand for Jury Trial**

Please take notice that Plaintiff demands trial by jury in this action.

/s/ David M. Chico
David M. Chico, Esq.
FL Bar No. 0010318
David Chico Law Group
607 Celebration Ave.
Celebration, Florida 34741
Phone: 407-933-7703
Fax: 407-933-7713
Email: serve@davidchicolaw.com